IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Leonard Pitts, ) | |
| ) | C.A. No. 7:06-3136-HMH-BHH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Blue Ridge Savings Bank ) | |
| of Greer, and Blue Ridge ) | |
| Savings Bank, Inc., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce H. Hendricks made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1]  Leonard Pitts ("Pitts") alleges a cause of action for infliction of emotional distress based on bystander liability against the Defendants and seeks actual and punitive damages.  Pitts alleges that he has suffered "mental, emotional, [and] financial" injuries because of his involvement in the investigation of a robbery and murders at the Blue Ridge Savings Bank.  Magistrate Judge Hendricks recommends granting the Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that Pitts' claim is barred by the applicable

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

1

statute of limitations and fails to state a claim for infliction of emotional distress based on bystander liability.

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has reviewed the record in this case and finds that Pitts's claim is wholly without merit. In addition, Pitts filed objections to the Report and Recommendation. After review, however, the court finds that Pitts' objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, and merely restate his claims. Pitts generally alleges that he can prove his claim is not barred by the statute of limitations. Further, Pitt generally objects that he has stated a claim because he has suffered mental, emotional, and financial injuries. Therefore, after a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation.

In addition, Pitts moved for an extension of time to file objections on May 16, 2007. However, Pitts filed objections on May 16, 2007. Therefore, this motion is moot. To the extent Pitts is moving for an extension of time to file additional objections, this motion is denied because Pitts' claims are wholly without merit.

Therefore, it is

**ORDERED** that the Defendants' motion to dismiss, docket number 16, is granted. It is further

**ORDERED** that Pitts' motion to amend the complaint, docket number 40, is denied. It is further

**ORDERED** that Pitts' motion for an extension of time to file objections, docket number 48, is denied.

**IT IS SO ORDERED**.

                                           s/Henry M. Herlong, Jr.
                                           United States District Judge

Greenville, South Carolina
May 17, 2007

## NOTICE OF RIGHT TO APPEAL

The plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.